1  Marc C. Forsythe – State Bar No. 153854
2  **GOE FORSYTHE & HODGES LLP**
   18101 Von Karman Avenue, Suite 1200
3  Irvine, CA  92612
4  Tel:  (949)798-2460
   Fax:  (949) 955-9437
5  Email: MForsythe@goeforlaw.com

6  Co-Counsel for Plaintiff Brian Horowitz, an individual
7
   Darrell W. Gibby – Ark. Bar No. 2007307
8  **GIBBY LAW FIRM, PPLC**
9  903 S.E. 22nd Street, Suite 3
   Bentonville, AR 72712
10 Tel:  (479) 899-2857
11 Email:  DarrellGibby@gibbylawfirm.com

12 Co-Counsel for Plaintiff Brian Horowitz, an individual
13 (Pro Hac Vice TBD)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| BRIAN HOROWITZ, an individual, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| VIDAXL LLC, | **(1)   PATENT INFRINGEMENT, AND** |
| Defendant. | **(2)   INTERFERENCE AND PROSPECTIVE CONTRACTUAL ECONOMIC RELATIONS** |

# **COMPLAINT**

COMES NOW, Plaintiff Brian Horowitz ("Plaintiff" or "Horowitz") and for his Complaint against Defendant VidaXL LLC ("Defendant" or "VidaXL") states the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a United States citizen currently residing in Orange County, California.

2. Upon information and belief, Defendant is a California corporation with a principal place of business in San Bernardino County, California.

3. The claims in this case relate to violations of United States patent laws codified at 35 USCS § 271 et. seq.

4. This Court has subject matter jurisdiction.

5. Venue is proper in this Court.

## FACTUAL BACKGROUND

6. Plaintiff restates and incorporates all allegations in paragraphs 1 through 5.

7. On or about September 29, 2015, United States Patent Number 9,145,154 ("'154 patent") was granted to Plaintiff for the protection of a certain folding wagon. A true and correct copy of the patent is attached herewith and incorporated herein as **"Exhibit A"**.

8. On or about May 31, 2016, United States Patent Number D757,637 ("'637 patent") was granted to Plaintiff for the protection of a certain tread for a tire. A true and correct copy of the patent is attached herewith and incorporated herein as **"Exhibit B"**.

9. From at least the time of filing the application for the '154 patent, Plaintiff has from time to time manufactured and/or sold and/or authorized his licensees to manufacture and/or sell products in the United States that embody one or more claims in his '154 patent. Such patented products included on their packaging a notice of the patent including the '154 patent number.

10. From at least the time of filing the application for the '637 patent, Plaintiff has from time to time manufactured and/or sold and/or authorized his licensees to manufacture and/or sell products in the United States that embody the claimed design of his '637 patent. Such patented products included on their packaging a notice of the patent including the '637 patent number.

11. Defendant is not licensed or otherwise authorized to manufacture, import, advertise for sale, sell, or use folding wagons that embody any of the claims of the '154 patent.

12. Defendant is not licensed or otherwise authorized to manufacture, import, advertise for sale, sell, or use folding wagons that embody any of the claims of the '637 patent.

13.	Beginning in October 2019 or before to the present, Defendant has been manufacturing, importing, advertising for sale, selling, and/or using folding wagons ("accused products") that embody all the elements of at least one claim of the '154 patent. A true and correct copies of images such accused products are included as part of Plaintiff's letter to Defendant dated July 6, 2020 are attached herewith and incorporated herein as **Exhibit "C"**.

14.	Beginning in October 2019 or before to the present, Defendant has been manufacturing, importing, advertising for sale, selling, and/or using folding wagons ("accused products") that embody the elements of the '637 patent. True and correct copies of images of such accused products are included as part of Plaintiff's letter to Defendant dated July 6, 2020 are attached herewith and incorporated herein as **"Exhibit C."**

15.	On or about July 6, 2020, on behalf of Plaintiff, Plaintiff's attorney drafted and mailed a letter to Defendant to place Defendant on notice of its infringement of the '154 and '637 patents and to request Defendant cease and desist such unauthorized acts and to request information regarding the scope of Defendant's wagon sales and communication for settlement. A true and correct copy of the letter is attached herewith and collectively incorporated herein as **Exhibit "C"**.

16.	On or about July 15, 2020, Defendant's counsel sent a letter to Plaintiff's attorney admitting that Defendant had sold five pieces of accused products. However, the number of accused products that Defendant has advertised for sale exceeds this

amount. A true and correct copy of Defendant's counsel's letter is attached herewith and incorporated herein as **Exhibit "D".**

17. On July 20, 2020, Plaintiff's counsel sent an email to Defendant's counsel repeating his request that Defendant provide complete information regarding Defendant's dealings with the accused products. Defendant failed to answer the email. A true and correct copy of the email is attached herewith an incorporated herein as **Exhibit "E."**

18. Plaintiffs has suffered damages in the form of lost profits and/or lost royalties resulting from Defendant's displaced sales of his or his authorized licensees' folding wagon products that embody one or more claims of the '154 patent.

19. Plaintiffs has suffered damages in the form of lost profits and/or lost royalties resulting from Defendant's displaced sales of his or his authorized licensees' folding wagon products that embody one or more claims of the '637 patent.

20. Plaintiff is filing this action for enforcement against Defendants' infringement upon his rights under his '154 patent and his '637 patent.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Patent Infringement of U.S. Patent No. 9,145,154)**

21. Plaintiff restates and incorporates all allegations in paragraphs 1 through 20.

22. Plaintiff is the rightful owner of United States Patent Number 9,145,154.

23. Plaintiff's '154 patent is valid.

24. From or before June 2020 until the present, Defendant has manufactured, advertised for sale, sold, and/or used folding wagons, as shown in **"Exhibit C,"** that embody all the elements of at least one claim of the '154 patent.

25. Specifically, Defendant's folding wagons embody all the elements of claim 19 of his '154 patent including the following:

    a. A front and rear;

    b. With a basket to carry articles;

    c. A collapsible frame that folds between an expended open configuration and a compacted closed configuration;

    d. With the basket outstretched when in an expanded, open configuration;

    e. A part of front wheels that are separated from one another and are connected to the front of the wage;

    f. A pair of rear wheels that are separated from one another and connected to the rear of the wagon;

    g. With at least one of the pairs of wheels being movable toward and away from one another so that the wheels of one pair can be moved toward one another while the wheels of the other pair can remain separate so that when the wagon is folded to the compact configuration the wheels move toward one another are located between wheels of the pair that remain separated from one another and allows for the front pair of the wheels to

be axially aligned and with a parallel axis of rotation with the rear pair of wheels.

26. Defendant's accused products also infringe on claim 20 of the '154 patent as they include all the elements of claim 19 along with each pair of wheels being spaced outwardly to lie ahead and beyond the basket of the wagon.

27. Defendant's accused products also infringe on claim 21 of the '154 patent as they include all the elements of claim 19 along with a wheel support track located at either the front or the rear of the wagon with one of the pairs of wheels being coupled to and movable along the track such that the wheels move toward and away from one another.

28. Defendant's accused products also infringe on claim 22 of the '154 patent as they include all the elements of claim 21 along with first and second collars that surround and slide along the wheel support track that allows the wheels of one of the pairs of front or rear wheels to move toward and away from one another.

29. Defendant's accused products also infringe on claim 23 of the '154 patent as they include all the elements of claim 22 along with one of the collars having a locking sleeve extending therefrom and the other collar having a locking receptacle such that the locking sleeve and is received withing the locking receptacle when the collars slide along the support track toward one another, whereby the wheels of one of the pairs of wheels correspondingly move side-by-side one another.

30. Defendant is not authorized to manufacture, import, advertise for sale, sell, nor use folding wagons that embody any of the claims of the '154 patent.

31. Plaintiff and/or his licensees have, prior to September 19, 2014, and from time to time manufactured and/or sold folding wagons that are marked with the entirety of Plaintiff's '154 patent number.

32. On or about July 6, 2020, Plaintiff's attorney, notified Defendant's by U.S. mail of the infringement of his '154 patent and demanded Defendants discontinue such actions.

33. On or about July 15, 2020, Defendant responded to Plaintiff's July 6, 2020 letter by disclaiming any infringement beyond the sale of five wagons. One July 20, 2020, Plaintiff replied to Defendant's response and asked for more information. Defendant failed to further communicate with Plaintiff.

34. Upon information and belief, Defendants activities of infringement upon Plaintiff's '154 patent have been and continue to be intentional.

35. As a result of Defendants' willful infringement upon Plaintiff's patent, Plaintiff has suffered damages in the amount Defendants have profited by their infringement; or, alternatively, Plaintiff has suffered damages in the amount of reasonable royalties he should have been paid for use of his '154 patent.

36. Pursuant to 35 USC § 271, Defendants should be held liable for infringement of Plaintiff's '154 patent.

37. Upon information and belief, Defendant has sold accused products not identified in "Exhibit C." Plaintiff reserves the right to amend his Complaint if necessary or otherwise seek relief for infringement of all of Defendants' accused products in any variations that Plaintiff discovers during the course of this lawsuit.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. D757,637)

38. Plaintiff restates and incorporates all allegations in paragraphs 1 through 37.

39. Plaintiff is the rightful owner of United States Patent Number D757,637.

40. Plaintiff's '637 patent is valid.

41. From or before October 2019 until the present, Defendant has manufactured, advertised for sale, sold, and/or used folding wagons, as shown in **"Exhibit D,"** that embody all the elements of at least one claim of the '637 patent. Specifically, Defendant's products embody wheels with the same tire tread as is indicated in Plaintiff's '637 patent.

42. Defendant is not authorized to manufacture, import, advertise for sale, sell, nor use folding wagons that embody any of the claims of the '637 patent.

43. On or about July 6, 2020, Plaintiff's attorney, notified Defendant's by U.S. mail of the infringement of his '637 patent and demanded Defendants discontinue such actions.

44. On or about July 15, 2020, Defendant responded to Plaintiff's July 6, 2020 letter by disclaiming any infringement beyond the sale of five wagons. On July 20, 2020, Plaintiff replied to Defendant's response and asked for more information. Defendant failed to further communicate with Plaintiff.

45. Upon information and belief, Defendants activities of infringement upon Plaintiff's '637 patent have been and continue to be intentional.

46. As a result of Defendants' willful infringement upon Plaintiff's patent, Plaintiff has suffered damages in the amount Defendants have profited by their infringement; or, alternatively, Plaintiff has suffered damages in the amount of reasonable royalties he should have been paid for use of his '637 patent.

47. Upon information and belief, Defendant has sold accused products not identified in "Exhibit C." Plaintiff reserves the right to amend his Complaint if necessary or otherwise seek relief for infringement of all of Defendants' accused products in any variations that Plaintiff discovers during the course of this lawsuit.

48. Pursuant to 35 USC § 271, Defendants should be held liable for infringement of Plaintiff's '637 patent.

## **PRAYER FOR RELIEF**

49. Plaintiff restates and incorporates all allegations in paragraphs 1 through 48.

50. For First Cause for Relief (Patent Infringement of U.S. Patent No. 9,145,154), Plaintiff seeks the following:

    a. Pursuant 35 USCS §83, a preliminary and permanent injunction to compel Defendants to immediately discontinue the manufacturing, importing, advertising for sale, selling and/or using any unauthorized folding wagon that embodies any one or more of the claims of Plaintiff's '154 patent;

    b. Damages as provided in 35 USCS § 284 to be determined by the Court to compensate Plaintiff for Defendants' infringement of his '154 patent but not less than $25,000.

    c. Pursuant to 35 USCS §83, treble damages for Defendants willful infringement of Plaintiff's '154 patent; and

    d. Reasonable attorney's fees and costs.

51. For Second Cause for Relief (Patent Infringement of U.S. Patent No. D757,637), Plaintiff seeks the following:

    a. Pursuant 35 USCS §83, a preliminary and permanent injunction to compel Defendants to immediately discontinue the manufacturing, importing, advertising for sale, selling and/or using any unauthorized folding wagon that embodies any one or more of the claims of Plaintiff's '637 patent;

  b. Damages as provided in 35 USCS § 284 to be determined by the Court to compensate Plaintiff for Defendants' infringement of his '637 patent but not less than $25,000.

  c. Pursuant to USC 2183, treble damages for Defendants willful infringement of Plaintiff's '637 patent; and

  d. Reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays this Court will enter judgment in his favor and grant him all relief as sought along will all other relief to which he may be legally entitled.

Date: September 17, 2020   **GOE FORSYTHE & HODGES LLP**

            By: /s/Marc C. Forsythe
               Marc C. Forsythe,
               Co-Counsel for Plaintiff, Brian Horowitz